# Dechert
LLP

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

DIANE SIEGEL DANOFF

diane.danoff@dechert.com
+1 215 994 2179 Direct
+1 215 655 2179 Fax

July 26, 2010

**VIA FAX**

The Honorable Paul Diamond
United States District Judge
United States District Court for the Eastern District of Pennsylvania
Room 6613
601 Market Street
Philadelphia, PA 19106

Re: *Evernu Technology, LLC v. Rohm and Haas Co.*, No. 2:10-cv-2635

Dear Judge Diamond,

I write on behalf of defendant, Rohm and Haas Company, regarding the Scheduling Order issued on Friday afternoon.

We believe strongly that upon review of the supplemental briefing just ordered by the Court, the Court will readily agree that the case should be dismissed for lack of subject matter jurisdiction. Under the schedule just set by the Court, however, there is no possibility of the Court deciding the issue until after the time when merits discovery must be commenced. **We respectfully request that the deadlines be altered in one of the ways proposed below -- one of which contemplates certain briefing deadlines occurring even sooner than those ordered by the Court on Friday -- so that the Court will have an opportunity to decide the motion to dismiss before merits discovery commences.**

We believe that if and when this Court dismisses the case, the potentially expensive process of merits discovery may well be avoided in its entirety and, in any event, is more fairly conducted under the rules and common law of the court in which the merits of the case will ultimately be decided. For example, we are anticipating discovery disputes which will require resolution under the relevant rules and common law. We would prefer to defer research and analysis on those issues until after we know whether the case will settle due to being remanded to state court and, if not, whether to follow federal or state rules and common law. Moreover, one or more disputes will need to be decided at the very beginning of the discovery process, and will require the Court to delve into the merits of the case. Decisions on those issues are more logically and efficiently made by the judge who will be deciding the merits of the case, and we respectfully submit that that judge will not be Your Honor. Evernu improperly sued in federal court in order to avoid proceeding on the merits in front of the state court judge who came to know the case intimately in the many years it was before him. Evernu should not be allowed to achieve that goal, in whole or in part, by filing a claim with a court which lacks jurisdiction.

13850914.3 LITIGATION

US Austin Boston Charlotte Hartford New York Newport Beach Philadelphia Princeton San Francisco Silicon Valley Washington DC
EUROPE Brussels London Luxembourg Moscow Munich Paris ASIA Beijing Hong Kong



The remaining question for the Court with respect to the pending motion to dismiss is where the principal place of business of Rohm and Haas is. My client has been required to produce, and has produced, documents and a deponent on that issue, but Evernu will not be required to reveal its arguments in response until it files its next brief. We can and will take an educated guess as to what those arguments may be, but we would like to reserve the right to file a brief in response to the supplemental brief which the Court has ordered Evernu to file by August 6. Accordingly, the alternative schedules proposed below build in a second supplemental brief by Rohm and Haas, to follow very quickly after Evernu's brief.

We respectfully request that the schedule be altered in one of the following ways:

**Alternative 1: Delay Merits Discovery**

Rohm and Haas would prefer that the merits discovery deadlines in the case simply be delayed by one week, or by such other period of time which would allow the Court sufficient time to decide the jurisdictional issue before the first merits discovery-related deadline.

Even better from my client's perspective, we would be amenable to a postponement of all non-jurisdictional deadlines in the case by at least one week.

**Alternative 2: Alter Jurisdictional Briefing Deadlines**

If the Court is not amenable to Alternative 1, Rohm and Haas respectfully requests that the Court re-schedule the supplemental jurisdictional briefing as follows, so that the deadlines will be even earlier than the deadlines set by the Court in Friday's Order:

- Defendant shall submit a supplemental Memorandum of Law in support of its Motion to Dismiss on or before Wednesday, July 28, 2010 at 10 a.m.

- Plaintiff shall submit a responsive Memorandum on or before Monday, August 2 at 10 a.m.

- Defendant shall submit any reply Memorandum on or before Tuesday, August 3.

**Dechert**
LLP

The Honorable Paul Diamond
July 26, 2010
Page 3

Respectfully,

*Diane Siegel Danoff*

Diane Siegel Danoff

c:   Howard D. Scher, Esq. (by e-mail)