# Buchanan Ingersoll ⚘ Rooney PC
Attorneys & Government Relations Professionals

Howard D. Scher
215 665 3920
howard.scher@bipc.com

Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
T 215 665 8700
F 215 665 8760
www.buchananingersoll.com

July 26, 2010

**VIA FACSIMILE**

The Honorable Paul Diamond
United States District Court for the Eastern District of Pennsylvania
601 Market Street
Room 6613
Philadelphia, Pennsylvania 19105

    Re:   *EverNu Technology, LLC v. Rohm and Haas Co.*, No. 2:10-cv-2635

Dear Judge Diamond:

    I write on behalf of EverNu Technology, LLC, the plaintiff in the above-referenced matter, and in response to Ms. Danoff's letter this morning.

    I regret that counsel for Rohm and Haas elected to write to the Court this morning, rather than call me. Matters involving scheduling, at least initially, should be handled by agreement between counsel subject to Court approval.

    EverNu also opposes Rohm and Haas's schedule. Instead, EverNu proposes to respond to Rohm and Haas's supplemental brief in support of its motion to dismiss within two business days of service. If Rohm and Haas serves its supplemental brief by close of business today, EverNu will respond by close of business on Wednesday.

    In addition, EverNu opposes the notion of a reply. Already we have seen excess time and energy spent on a simple issue. EverNu has apparently satisfied Rohm and Haas's curiosity about the residence of EverNu's only principal, Manhua Lin. Notwithstanding the publicly available documents which prove beyond cavil that EverNu is a Pennsylvania LLC with one Pennsylvania member, which documents were produced to Rohm and Haas, Rohm and Haas deployed two attorneys to conduct a three-plus hour deposition of Dr. Lin on Friday examining minutiae for no purpose other than oppression and harassment.

The Honorable Paul Diamond
July 26, 2010
Page - 2 -

    Moreover, the documents produced by Rohm and Haas, and the documents not produced by Rohm and Haas because they are Dow documents, demonstrate that Rohm and Haas's principal place of business is not Pennsylvania - it is Midland Michigan, headquarters of Rohm and Haas's "Shareholder," which exercises extraordinary control over "any transaction undertaken or contemplated by Rohm and Haas Company."

    Last, were this Court to determine that it did not have jurisdiction, (which is clearly not the case), EverNu would refile its case in Philadelphia County, which, under Rule 2179 (a) (1), Pa. R. C. P., would have been determined to be Rohm and Haas's "principal place of business."

Respectfully yours,

/Howard D. Sch/

Howard D. Scher

HDS/sls

cc:   Diane Siegel Danoff, Esq.
      (via e-mail)
     Samantha Southall, Esquire
      (via e-mail)

#2699475-v1